UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>Chief United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

May 21, 2025

MEMORANDUM TO PARTIES RE:     Brown v. Nationstar Mortgage LLC, et al.
                                                               Civil Action No. GLR-25-1605

Dear Parties:

Pending before the Court is self-represented Plaintiff LaFaye B. Brown, individually and as Trustee of the Miller-Brown Family Trust's Emergency Motion for Temporary Restraining Order (ECF No. 2). For the reasons set forth below, the Court will deny the Motion.

**Background**

This action arises out of foreclosure proceedings initiated by Defendants Nationstar Mortgage LLC, Federal National Mortgage Association, Paul J. Moran, Orlans Law Group PLLC, James E. Clarke, Mary L. Hurley, and Jason N. Greenberg ("Defendants") against Brown's primary residence located at 5412 Lewellen Avenue, Baltimore, MD 21207. (Mot. TRO at 1, ECF No. 2).[1] The foreclosure procedure is currently pending before the Circuit Court for Baltimore County. (Id.¶ 2).

Brown filed her Complaint on May 19, 2025. (ECF No. 1). That same day, Brown filed an Emergency Motion for a Temporary Restraining Order. (ECF No. 2). Defendants have not yet filed a response.

**Standard of Review**

A temporary restraining order "is an 'extraordinary and drastic remedy.'" See Munaf v. Geren, 553 U.S. 674, 689–90 (2008) (quoting 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2948, at 129 (2d ed. 1995)). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) that the injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Frazier v. Prince George's Cnty., Maryland, 86 F.4th 537, 543 (4th Cir. 2023) Further, pleadings drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 595–96 (1972).

---

[1] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

**<u>Analysis</u>**

Brown seeks a temporary restraining order to stop the "imminent foreclosure sale" of her primary residence. (See Mot. TRO ¶ 2). She asserts she is entitled to emergency relief because, among other things, Defendants violated the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, and Defendants lack standing to pursue foreclosure in the Circuit Court for Baltimore County. (See id. at 2, 6). For the reasons set forth below, Brown fails to meet the first element necessary for a Temporary Restraining Order, a likelihood of success on the merits, because this Court cannot reexamine or set aside the state court's judgment under the Rooker-Feldman doctrine.

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits a party losing in state court "from seeking what in substance would be an appellate review of the state judgment" in a United States district court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Supreme Court has cautioned that Rooker-Feldman is a "narrow doctrine" which "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, under Exxon, the Court must examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); Moore v. Idealease of Wilmington, 465 F.Supp.2d 484, 490 (E.D.N.C. 2006).

Here, Brown challenges the validity of the foreclosure proceedings initiated against her. In her Motion, Brown asserts that the Circuit Court has taken no action on her Emergency Motion. (Mot. TRO at 5–6). Her own exhibits say otherwise. Exhibit 7 to her Motion is an attachment that details the state court record. (Circuit Court for Baltimore County Docket, ECF No. 2-7). On March 4, 2025, the Circuit Court denied a Motion to Dismiss, and on April 29, 2025, the Circuit Court denied Brown's Renewed Emergency Motion to Stay Foreclosure Proceedings, explaining that the Motion was not filed under oath or supported by affidavit as required under Maryland Rule 14-211(a)(3)(A), and denied her Motion to Stay. (Id. at 44, 47–48). Based on this record, the Court finds the Rooker-Feldman doctrine applicable and declines to interfere with a state court's ongoing foreclosure proceeding. Courts in the Fourth Circuit faced with similar facts have reached the same

conclusion. See Brumby v. Deutsche Bank Nat. Trust Co., No. 1:09-144, 2010 WL 617368, at *3–4 (M.D.N.C. Feb. 17, 2010) (declining to issue restraining order regarding state foreclosure action); Wilson v. Federal Nat'l Mortg. Ass'n, No. 3:11-cv-537-MOC-DCK, 2012 WL 1659138, at *3–5 (W.D.N.C. Apr. 19, 2012) (same); Turner v. Eastern Savings Bank, FSB, No. 09-2637-AW, 2010 WL 1409858, at *3 (D.Md. Apr. 2, 2010) (same). These threshold matters are sufficient for the Court to conclude that Brown fails to establish a likelihood of success on the merits of her claims, which dooms her request for a temporary restraining order. See Frazier, 86 F.4th at 544 ("[D]enying a [temporary restraining order] only takes the rejection of a single factor.").

**Conclusion**

For the foregoing reasons, Brown's Emergency Motion for Temporary Restraining Order (ECF No. 2) is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly. The Clerk shall mail a copy of this Order to Brown's address on record.

Entered this 21st day of May, 2025.

/s/
George L. Russell, III
Chief United States District Judge